**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------X
                              :
UNITED STATES OF AMERICA      :    Crim. No. 3:21CR00186(SALM)
                              :
v.                            :
                              :
DENIS MURTIC                  :    June 13, 2022
                              :
-----------------------------X
```

**ORDER DENYING MOTION TO BAR PROSECUTION**
**UNDER DOUBLE JEOPARDY CLAUSE [DOC. #76]**

After a hearing with defendant Denis Murtic ("Murtic"), at which he was assisted by both retained counsel and standby counsel, the Court permitted Mr. Murtic to file certain motions, including this motion, that he drafted without the assistance of counsel. See Doc. #68, Doc. #91. The motion now under consideration is entitled: "DEFENDANT MOTION TO BAR FEDERAL NARCOTICS PROSECUTION FOR BEING CHARGED AND TRIED TWICE FOR THE SAME OFFENSE UNDER THE FIFTH AMENDMENT DOUBLE JEOPARDY CLAUSE, ESPECIALLY WHEREHERE TITLE 21 U.S.C. 841 OFFENSE IS A LESSER INCLUDED OFFENSE OF 21 U.S.C. 846 CONSPIRACY OFFENSE AND IS UNAUTHORIZED BY CONGRESS IN LIGHT OF RUTLEDGE V UNITED STATES, 517 US 292, 134 LED2D 419 (1996) & ABNEY V. UNITED STATES, 97 S. Ct. 2034, 52 LED2D 651, 431 U.S. 651 (1977) PURSUANT TO RULE 12(b)(d)[.]" Doc. #76 at 1 (sic). The government has filed an

1

opposition. See Doc. #94.[1] For the reasons set forth herein, the motion is **DENIED**.

I.   **Background**

On November 3, 2021, the Grand Jury returned a five-count Indictment charging defendants Murtic, Efrain Rosario ("Rosario") and Alexander Rodriguez ("Rodriguez") with offenses relating to the possession and distribution of narcotics. See Doc. #14. Count One of the Indictment charges all three defendants with Conspiracy to Distribute, and to Possess with Intent to Distribute, Fentanyl and Cocaine from September 2020 through approximately October 2021, in violation of 21 U.S.C. §846. See id. at 1-2. Count Two charges Murtic with Possession with Intent to Distribute, and Distribution of, a detectable amount of Fentanyl on October 13, 2021, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C). See id. at 2. Count Three charges Murtic and Rodriguez with Possession with Intent to Distribute, and Distribution of, 40 Grams or More of Fentanyl on October 18, 2021, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B)(vi), and 18 U.S.C. §2. See id. at 3. Count Four

---

[1] Pursuant to the Court's March 3, 2022, Order, any reply brief drafted by Mr. Murtic was required to be submitted through counsel on or before April 13, 2022. See Doc. #91. On May 19, 2022, the Court issued an Order returning, as deficient, a submission from Mr. Murtic that included "documents that appear to be reply briefs, which are both untimely and improperly filed by Mr. Murtic himself." Doc. #103.

charges all three defendants with Possession with Intent to
Distribute 400 Grams or More of Fentanyl on October 26, 2021, in
violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A)(vi), and 18
U.S.C. §2. See id. Finally, Count Five charges all three
defendants with Possession with Intent to Distribute 500 Grams
or More of Cocaine on October 26, 2021, in violation of 21
U.S.C. §§841(a)(1) and 841(b)(1)(B)(ii). See id. at 3-4.

Defendant Murtic seeks an order "bar[ring] the prosecution
of count one of the Federal indictment for being charged twice
for the same offense, especially where here Title 21 U.S.C. 841
is a lesser included offense of 846[.]" Doc. #76 at 1 (emphases
omitted).

The Double Jeopardy Clause of the Fifth Amendment provides
that "[n]o person shall ... be subject for the same offence to
be twice put in jeopardy of life or limb[.]" U.S. Const. amend.
V. "This constitutional command encompasses three distinct
guarantees: (1) It protects against a second prosecution for the
same offense after acquittal. (2) It protects against a second
prosecution for the same offense after conviction. (3) And it
protects against multiple punishments for the same offense."
United States v. Josephberg, 459 F.3d 350, 354-55 (2d Cir. 2006)
(citation and quotation marks omitted).

Murtic does not contend that he is being charged under
Count One with a crime for which he was previously convicted or

3

acquitted. Nor does he assert that he has <u>already</u> been punished
twice for the same offense. Rather, Murtic argues that Count One
should be dismissed because he has been "<u>charged</u> twice for the
same offense[.]" Doc. #76 at 1 (emphasis added). The motion
fails, for two independent reasons.

## II.  <u>Simultaneous Prosecutions for the Same Offense Do Not Violate the Double Jeopardy Clause</u>

"Where there has been no prior conviction or acquittal, the
Double Jeopardy Clause does not protect against simultaneous
prosecutions for the same offense, so long as no more than one
punishment is eventually imposed." <u>Josephberg</u>, 459 F.3d at 355.[2]
"While the Double Jeopardy Clause may protect a defendant
against cumulative punishments on the same offense, the Clause
does not prohibit the State from prosecuting [a defendant] for
such multiple offenses in a single prosecution." <u>Ohio v.
Johnson</u>, 467 U.S. 493, 500 (1984); <u>see also Ball v. United
States</u>, 470 U.S. 856, 860 n.8 (1985) ("[T]here can be no
impropriety for a prosecutor to file an information containing

---

[2] <u>Rutledge v. United States</u>, 517 U.S 292 (1996), on which
defendant relies throughout his motion, is distinguishable for
this very reason, among others. <u>See generally</u> Doc. #76. In
<u>Rutledge</u>, the question presented was "whether it was ...
improper for the District Court to sentence [petitioner] to
concurrent life sentences" for violations of 21 U.S.C. §846 and
21 U.S.C. §848. <u>Rutledge</u>, 517 U.S. at 294. The Court did not
address whether it was constitutionally permissible to <u>try</u> the
respondent on both of those counts. Furthermore, §848 raises
very distinct issues not presented by a prosecution under §841.

counts charging violations of several different provisions of the federal bank robbery statute where there is evidence to support the charges, even though the defendant could not in the end stand convicted of both offenses." (citation and quotation marks omitted)).

Instead, when a defendant faces multiple charges for the same offense,

> [i]f the jury convicts on no more than one of the multiplicitous counts, there has been no violation of the defendant's right to be free from double jeopardy, for he will suffer no more than one punishment. If the jury convicts on more than one multiplicitous count, the defendant's right not to suffer multiple punishments for the same offense will be protected by having the court enter judgment on only one of the multiplicitous counts.

Josephberg, 459 F.3d at 355.

Consequently, the Double Jeopardy Clause is not implicated when a defendant faces charges under two separate statutes for the same offense. Rather, where there has been no prior conviction or acquittal, the defendant must establish that he has been punished multiple times for that offense. Defendant Murtic has not yet faced trial, much less been punished, for any charge under this Indictment. Absent such punishment, Murtic's challenge under the Double Jeopardy Clause fails.

## III. **Murtic Has Not Been Charged Twice for the Same Offense**

Even if Murtic is eventually convicted on Count One, the §846 charge, as well as the other counts of the Indictment, and

sentenced on each of those counts, there would be no Double
Jeopardy violation because 21 U.S.C. §846 and 21 U.S.C. §841 are
not the same "offense" under the Double Jeopardy Clause. Indeed,
the Supreme Court has held that, as a rule, "a substantive crime
and a conspiracy to commit that crime are not the 'same offence'
for double jeopardy purposes." United States v. Felix, 503 U.S.
378, 389 (1992).

> The Double Jeopardy Clause
>
> prohibits multiple punishments for the same offense.
> Whether two offenses are in fact the same for Double
> Jeopardy purposes is determined by reference to the so-
> called "same-elements" test that the Supreme Court
> established in Blockburger v. United States, 284 U.S.
> 299 (1932). This test asks whether each offense contains
> an element not contained in the other, and provides
> that, if not, they are the same offense and double
> jeopardy bars additional punishment. Critically, in
> applying the Blockburger test, we are required to focus
> on the statutory elements of each offense. If each
> statute requires proof of a fact that the other does
> not, the Blockburger test is satisfied, even if the
> same proof is used at trial to establish both crimes.

United States v. Garavito-Garcia, 827 F.3d 242, 250 (2d Cir.
2016) (citations in footnotes and quotation marks omitted). See
also Blockburger, 284 U.S. at 304 ("[W]here the same act or
transaction constitutes a violation of two distinct statutory
provisions, the test to be applied to determine whether there
are two offenses or only one, is whether each provision requires
proof of a fact which the other does not.").

Murtic is charged in Count One with conspiracy to possess with intent to distribute specified quantities of cocaine and Fentanyl. To find him guilty of this offense, the jury must find

> (1) the existence of the conspiracy charged; (2) that the defendant had knowledge of the conspiracy; and (3) that the defendant intentionally joined the conspiracy. As relevant here, a conviction of a [controlled substances] conspiracy also requires that a jury find, or the defendant himself admit to, the drug-quantity element. Additionally, we require proof that this drug type and quantity were at least reasonably foreseeable to the co-conspirator defendant.

United States v. Barret, 848 F.3d 524, 534 (2d Cir. 2017) (citations and quotation marks omitted).

The elements of a §841 charge are different. "To prove possession with the intent to distribute, the government was required to show that [defendant] knowingly and intentionally possessed [the charged substance], and did so with the intent to distribute it." United States v. Rodriguez, 392 F.3d 539, 545 (2d Cir. 2004).

"In a conspiracy, however, neither actual possession nor actual distribution is a necessary element of the crime. Only an agreement is necessary." McIntosh v. United States, No. 13CR00487(CBA), 2021 WL 1124722, at *3 (E.D.N.Y. Mar. 24, 2021), certificate of appealability denied, No. 21-1272, 2021 WL 5549656 (2d Cir. Oct. 7, 2021) (citation and quotation marks

omitted).[3] And likewise, "no element of the possession counts requires proof of a conspiracy[.]" United States v. Calderone, 982 F.2d 42, 48 (2d Cir. 1992). Evidence of the drug possession and transactions charged in the §841 counts may be relevant to the §846 count, but "a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." Felix, 503 U.S. at 386.

A conviction for the §846 charge in Count One requires an element not required for the §841 charges -- an agreement -- while a conviction on any of the §841 charges requires an element not required for the §846 charge -- possession and/or distribution. They are not the "same offense" for Double Jeopardy purposes, under the Blockburger test. See, e.g., Aquino v. United States, No. 05CR00052(LTS), 2009 WL 1726338, at *3 (S.D.N.Y. June 19, 2009) (Counts of Indictment were not improperly multiplicitous where "Count Two charged Petitioner with conspiring, that is, agreeing with another person, to distribute or possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of cocaine base ... while Count Five charged Petitioner with actually distributing or possessing with intent to distribute at

---

[3] Indeed, the substance need not even exist or be realistically available to the defendant for a conspiracy conviction to stand. See, e.g., United States v. Howard, 998 F.2d 42, 51 (2d Cir. 1993).

least 50 grams of a mixture or substance containing a detectable amount of cocaine base."); United States v. Rivera-Feliciano, 930 F.2d 951, 955 (1st Cir. 1991) ("Clearly, the essence of the conspiracy is the agreement, and conviction for the conspiracy does not prevent conviction, or acquittal, for the substantive charge comprising the conspiracy."); United States v. Banks, 10 F.3d 1044, 1050 (4th Cir. 1993) (Substantive drug offenses and conspiracy offense were not "the 'same offense' for double jeopardy purposes.").

In sum, Murtic has failed to establish that the Double Jeopardy Clause protects against a party being charged twice for the same conduct. Moreover, even if Murtic were eventually convicted and sentenced for all charged offenses, his challenge under the Double Jeopardy Clause would still fail because a conspiracy charge brought under §846 does not amount to the "same offense" as the substantive charges brought §841. Murtic has thus failed to establish any violation of the Fifth Amendment's Double Jeopardy Clause. Accordingly, Murtic's Motion is hereby **DENIED**.

## IV.   CONCLUSION

For the reasons set forth above, defendant Denis Murtic's motion to bar prosecution under the Double Jeopardy Clause (Doc. #76) is **DENIED**.

It is so ordered at Bridgeport, Connecticut, this 13th day of June, 2022.

                            /s/
                       HON. SARAH A. L. MERRIAM
                       UNITED STATES DISTRICT JUDGE