UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
UNITED STATES OF AMERICA      :    Crim. No. 3:21CR00186(SALM)
                              :
v.                            :
                              :
DENIS MURTIC                  :    June 13, 2022
                              :
------------------------------X
```

### ORDER RE: PENDING MOTIONS RELATING TO 21 U.S.C. §846 [DOC. #70, DOC. #71, DOC. #74, DOC. #75]

After a hearing with defendant Denis Murtic, at which he was assisted by both retained counsel and standby counsel, the Court permitted Mr. Murtic to file nine motions that he drafted without the assistance of counsel. See Doc. #68, Doc. #91. The Court now turns to four of those motions, each of which relates at least in part to the validity of the charge filed against Mr. Murtic in Count One of the Indictment, pursuant to 21 U.S.C. §846. See Doc. #70, Doc. #71, Doc. #74, Doc. #75. The government has filed an omnibus memorandum in opposition to these four motions. See Doc. #95.[1] For the reasons set forth herein, the motions are **DENIED**.

---

[1] Pursuant to the Court's March 3, 2022, Order, any reply brief drafted by Mr. Murtic was required to be submitted through counsel on or before April 13, 2022. See Doc. #91. On May 19, 2022, the Court issued an Order returning, as deficient, a submission from Mr. Murtic that included "documents that appear to be reply briefs, which are both untimely and improperly filed by Mr. Murtic himself." Doc. #103.

1

I.   **Background**

Count One of the Indictment charges Mr. Murtic and his two co-defendants as follows:

> 1. From approximately September 2020, through approximately October 2021, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants DENIS MURTIC, ALEXANDER RODRIGUEZ, and EFRAIN ROSARIO, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire together and with one another to violate the narcotics laws of the United States.
>
> 2. It was a part and an object of the conspiracy that the defendants MURTIC, RODRIGUEZ, and ROSARIO, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, namely fentanyl and cocaine, in violation of Title 21, United States Code, Section 841(a)(l).
>
> 3. The defendants MURTIC, RODRIGUEZ, and ROSARIO knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(l)(A)(vi).
>
> 4. The defendants MURTIC, RODRIGUEZ, and ROSARIO knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(l)(B)(ii).
>
> All in violation of Title 21, United States Code, Section 846.

Doc. #14 at 1-2. Count Two of the Indictment charges Mr. Murtic with possession with intent to distribute, and distribution, of a detectable amount of fentanyl, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(C). Count Three of the Indictment charges Mr. Murtic and Mr. Rodriguez with possession with intent to distribute, and distribution, of 40 grams or more of fentanyl, in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(B)(vi), and 18 U.S.C. §2. See id. at 3. Count Four of the Indictment charges all three defendants with possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A)(vi), and 18 U.S.C. §2. See id. Count Five of the Indictment charges all three defendants with possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(B)(ii). See id. at 3-4.

    Mr. Murtic has filed four motions attacking, from various angles, the Count One charge under §846. Section 846 reads, in its entirety: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. §846. Because the motions raise interrelated challenges to the same statute, the Court addresses all four motions in a single ruling.

3

## II. **Doc. #70 -- Motion to Declare §846 Unconstitutional**

Mr. Murtic contends that §846 "is ambiguous and unconstitutional because [it] requires a judge and not the jury to determine drug quantity and type within every drug trafficking trial." Doc. #70 at 2. Specifically, Mr. Murtic asserts that the 1988 Amendment to the Controlled Substances Act, which modified this provision, "deprives the charged defendant of his constitutional right to a trial by jury because the amendment releases the Government from its burden of proving drug possession -- drug distributing -- drug quantity and drug type mandatory minimums." Id. at 3. He contends that the amendment permits "the Prosecution to charge, detain, prosecute and Sentence a Defendant under a 'mandatory minimum' without a jury finding[.]" Id. at 5. Mr. Murtic is mistaken about the impact of the 1988 amendment.

The prior version of the statute read: "'Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.'" Margiotta v. United States, 788 F. Supp. 145, 146 (E.D.N.Y. 1992), aff'd, 993 F.2d 1532 (2d Cir. 1993) (emphasis omitted) (quoting pre-1998 version of 21 U.S.C. §846). The amendment made no change to the requirements of a jury

4

finding as to any fact that increases the statutory minimum or maximum penalty for an offense. Indeed, <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), upon which defendant rightly relies, was decided <u>after</u> the amendment to §846, and thus the amendment could not have undermined that holding, which provides, as relevant here: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490.

That rule remains in effect, and applies to §846 conspiracy charges just as it does to charges brought for substantive offenses under §841. A defendant charged with conspiracy to possess with intent to distribute a particular quantity of controlled substances, as Mr. Murtic is in Count One, can be convicted of that charge and subjected to the enhanced penalties applicable to the quantity charged only if the government proves beyond a reasonable doubt, and the jury finds, that the defendant knew or reasonably should have known that the conspiracy involved that quantity of the controlled substance(s) charged. Specifically, the jury must find

> (1) the existence of the conspiracy charged; (2) that the defendant had knowledge of the conspiracy; and (3) that the defendant intentionally joined the conspiracy. As relevant here, a conviction of a [controlled substances] conspiracy also requires that a jury find, or the defendant himself admit to, the drug-quantity element. Additionally, we require proof that

5

>  this drug type and quantity were at least reasonably foreseeable to the co-conspirator defendant.

United States v. Barret, 848 F.3d 524, 534 (2d Cir. 2017) (citations and quotation marks omitted).

For Mr. Murtic to be convicted under §846, as charged in Count One, of an offense carrying a mandatory minimum and other increased penalties based on the conspiracy involving an intent to possess with intent to distribute 400 grams or more of fentanyl, or 500 grams or more of cocaine, those quantities and drug types will have to be proven to, and found by, a jury. It is not accurate that §846, as amended, "only requires the judge to determine Drug Quantity and Type and not the Jury." Doc. #70 at 7. The fact that the statute itself does not list the elements of the offense does not render that statute unconstitutional, or cause it to "circumvent" a defendant's Fifth and Sixth Amendment rights. Id. at 9.

This motion also asserts that §846 "does not allow the federal grand jury to be informed of the real nature and charges of exactly what the grand jurors are finding probable cause to indict the defendant Mr. Murtic for committing." Id. at 11 (capitalization altered). This argument lacks merit. The Indictment clearly states, in Count One, that the Grand Jury found each element of the offense: (1) that there was a conspiracy; (2) that Mr. Murtic "knowingly and intentionally"

6

joined the conspiracy; and (3) that "the conspiracy involved 400 grams or more" of fentanyl and "500 grams or more" of cocaine. Doc. #14 at 1-2.

To the extent the motion argues that §846 is ambiguous because it permits the government to charge a defendant with two offenses in one count, this argument is misplaced. A conspiracy charge and a substantive charge are, as Mr. Murtic asserts, "two wholly different and separate crimes." Id. at 12. They are charged separately in the Indictment: Conspiracy in Count One, and substantive offenses in Counts Two through Five.

In sum, the arguments in this motion misapprehend the nature of §846, and lack merit. Accordingly, defendant's motion to find §846 as amended in 1988 ambiguous and unconstitutional [**Doc. #70**] is **DENIED**.

### III. Doc. #71 -- Motion to Require Proof Beyond a Reasonable Doubt for Conviction under 21 U.S.C. §841(b)

While the title of this motion invokes only §841(b), the motion argues: "Sentences for conspiracy under 21 U.S.C. 846 are governed by the sentencing provisions of the statute the violation of which is the object of the conspiracy." Doc. #71 at 7 (capitalization altered). This argument relates closely to the argument raised in Doc. #70, that is, that the sentencing provisions of §846 are unconstitutional. Here, Mr. Murtic describes the "crux" of his argument as relying upon "the

7

position that the government must dismiss his federal indictment based upon solid ground that the government fails to charge an 'Object of the offense', such as not charging an underlying substantive offense created under title 21 U.S.C. 841(a)(1)." Id. (sic). He further argues that "the government cannot impose the criminal penalty" provided for by §841(b) "on an individual that does not possess certain types of narcotics" and that "therefore, one must be in actual or constructive possession of a controlled substance" to be sentenced under that provision. Id. at 4 (capitalization altered).

Mr. Murtic is correct that in order to convict a defendant of possession of a controlled substance, with intent to distribute, the government must establish beyond a reasonable doubt that the defendant actually or constructively possessed that substance. See, e.g., United States v. Rodriguez, 392 F.3d 539, 545 (2d Cir. 2004) ("To prove possession with the intent to distribute, the government was required to show that [the defendant] knowingly and intentionally possessed [the charged substance], and did so with the intent to distribute it."). "In a conspiracy, however, neither actual possession nor actual distribution is a necessary element of the crime. Only an agreement is necessary." McIntosh v. United States, No. 13CR00487(CBA), 2021 WL 1124722, at *3 (E.D.N.Y. Mar. 24, 2021), certificate of appealability denied, No. 21-1272, 2021 WL

5549656 (2d Cir. Oct. 7, 2021) (citation and quotation marks omitted). Indeed, the substance need not even exist or be realistically available to the defendant for a conspiracy conviction to stand. See, e.g., United States v. Howard, 998 F.2d 42, 51 (2d Cir. 1993).

This motion also makes a due process argument regarding notice to defendant. See Doc. #71 at 3-4. Mr. Murtic appears to contend that the Indictment does not give him sufficient notice of the charges against him, including the potential penalties. The Court finds that the Indictment properly informs Mr. Murtic of the charges against him.

> "A criminal defendant is entitled to an indictment that states the essential elements of the charge against him." United States v. Pirro, 212 F.3d 86, 91 (2d Cir. 2000) (citing Jones v. United States, 526 U.S. 227, 232 (1999); Hamling v. United States, 418 U.S. 87, 117 (1974)). Accordingly, Fed. R. Crim. P. 7 provides that "[t]he indictment ... shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).
>
> To satisfy the pleading requirements of Fed. R. Crim. P. 7(c)(1), "'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" Stavroulakis, 952 F.2d at 693 (quoting United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975)). An indictment "'must be read to include facts which are necessarily implied by the specific allegations made.'" Id. (quoting United States v. Silverman, 430 F.2d 106, 111 (2d Cir. 1970)). In short, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar

of future prosecutions for the same offense." Hamling, 418 U.S. at 117.

United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002). The Indictment in this case clearly meets these requirements.

As to the potential penalties, Mr. Murtic was advised of the minimum and maximum potential penalties for each charge at the time of his arraignment, and he confirmed for the Court at a hearing in February 2022 that he understood the potential penalties. He has received adequate notice of the penalties that would apply were he to be convicted on any or all of the charges of the Indictment. "Assuming arguendo that the defendant is entitled to adequate notice of enhanced penalties, there is no reason to believe that the defendant is entitled to receive such notice in the indictment. The due process concerns that would, presumably, motivate the imposition of a notice requirement in these circumstances could be satisfied by other forms of communication." United States v. Pico, No. 5:91CR00057(JAC), 1992 WL 391381, at *3 (D. Conn. Nov. 25, 1992).

Again, the arguments in this motion misapprehend the nature of §846, and the relationship between §846 and §841. If this case proceeds to trial, the government will be required to prove beyond a reasonable doubt all of the elements of each offense charged. The Court finds that the arguments set forth lack

merit. Accordingly, defendant's motion to dismiss Count One [**Doc. #71**] is **DENIED**.

## IV. Doc. #74 -- Motion to Declare 21 U.S.C. §846 Unconstitutional as Void for Vagueness

Mr. Murtic contends that §846 is unconstitutional because it is vague, and thus violates the Due Process Clause.[2] See generally Doc. #74. As the Court has previously noted, the Second Circuit "has explicitly upheld the constitutionality of the Comprehensive Drug Abuse Prevention and Control Act of 1970, of which §§841 and 846 are a part." United States v. Garcia, 159 F. App'x 293, 293 (2d Cir. 2005).

> "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." United States v. Rybicki, 354 F.3d 124, 129 (2d Cir. 2003) (citing to Kolender v. Lawson, 461 U.S. 352, 357 (1983)). "As with any question of statutory interpretation, we begin with the text of the statute to determine whether the language at issue has a plain and unambiguous meaning." United States v. Epskamp, 832 F.3d 154, 162 (2d Cir. 2016). "A particular statute's 'plain meaning can best be understood by looking to the statutory scheme as a whole and placing the particular provision within the context of that statute.'" Id.

---

[2] Mr. Murtic also states that the statute is "over broad for failing to state and provide the governments' alleged prescribed criminal conduct within the criminal statute itself[,]" Doc. #74 at 2 (sic) (capitalization altered), but the arguments set forth after that heading relate to vagueness, and thus the Court construes this as a part of the challenge on vagueness grounds.

United States v. Hall, No. 3:19CR00065(VLB), 2021 WL 54169, at *8 (D. Conn. Jan. 6, 2021). Section §846 is not unconstitutionally vague.

> Section 846 provides sufficient definiteness that an ordinary person reading it could comprehend the prohibited conduct -- attempting or conspiring to commit any offense defined in its subchapter. Section 846 further provides with sufficient definiteness that an ordinary person reading it could comprehend the penalties for such conduct -- the same penalties as those prescribed for the offense. The language of the statute sufficiently provides fair warning of penalties and protects against arbitrary and discriminatory enforcement because a defendant cannot be convicted unless the Government proves beyond a reasonable doubt each element of the prohibited conduct.

United States v. Brown, No. 3:17CR00055-4(VLB), 2020 WL 7706606, at *3 (D. Conn. Dec. 29, 2020) (citation and quotation marks omitted).

The Second Circuit has rejected a vagueness challenge to §846 out of hand, finding the "contention that 21 U.S.C. §846 (prohibiting attempts and conspiracies involving narcotics offenses) is unconstitutionally vague" to be "without merit[.]" United States v. Jones, 296 F. App'x 179, 184 (2d Cir. 2008). Numerous courts in this Circuit and around the country have likewise rejected vagueness challenges to §846, and this Court now joins them. See, e.g., United States v. Paz-Alvarez, 799 F.3d 12, 28 (1st Cir. 2015) ("The statutes, in conjunction with our case law, gave [the defendant] fair warning that knowingly participating in a drug conspiracy with the requisite intent

12

could expose him to criminal penalties."); U.S v. Retamar, 31 F. App'x 801, 802 (3d Cir. 2002); United States v. Cooper, 606 F.2d 96, 98 (5th Cir. 1979) ("[T]he statute, by reference, sufficiently apprises all persons of the illegality of any agreement to possess and distribute a totally prohibited drug such as heroin."); United States v. Best, No. 3:20CR00028(VAB), 2022 WL 1605495, at *10 (D. Conn. May 20, 2022) ("[E]ven if Mr. Cox did not know the nuances of drug conspiracy law, the statute is specific enough to put him and others on notice that coordinating with others for the purchase of narcotics is prohibited under the law[.]"); United States v. Hardy, No. 04CR00706(FB), 2021 WL 4463371, at *1 (E.D.N.Y. Sept. 29, 2021); Camacho v. United States, No. 13CR00058(KBF), 2018 WL 357312, at *4 (S.D.N.Y. Jan. 10, 2018) (Sections 841 and 846 are not void for vagueness because "neither statute denies a defendant fair notice or is subject to arbitrary enforcement. Rather, §841 is specific, and §846, which criminalizes conspiracy to violate §841, benefits from §841's specificity. Together, the statutes clearly delineate possession of controlled specific amount of specific controlled substances as crimes, and they provide specific sentencing minimums. There can be no valid argument that Camacho had no notice that his actions were unlawful."); Borrero v. United States, No. 13CR00058(KBF), 2018 WL 358921, at *4 (S.D.N.Y. Jan. 10, 2018) (same).

The remainder of this motion raises challenges again going to the question of what elements must be proved to establish a violation of §846, and whether such elements must be proven to the jury beyond a reasonable doubt. These questions have already been addressed, and the Court will not repeat that analysis here. The elements of the offenses in the Indictment are clear, and each element of each offense must be found by the jury, beyond a reasonable doubt. For any increased penalty to apply based on the quantity and type of drug involved, that quantity and type of drug must also be proven beyond a reasonable doubt and found by the jury.

The statutes under which Mr. Murtic is charged are not unconstitutionally vague or overbroad. The other arguments raised in this motion similarly lack merit. Accordingly, defendant's motion to find §846 void for vagueness [**Doc. #74**] is **DENIED**.

**V.   Doc. #75 -- Motion to Bar Prosecution Under §846 as Unconstitutional in Light of *Blockburger v. United States* and 21 U.S.C. §862(a)(1)(C)**

Mr. Murtic argues in this motion that 21 U.S.C. §862(a)(1)(C), which relates to the denial of certain federal benefits for individuals convicted of drug trafficking offenses, somehow renders §846 unconstitutional. This argument borders on the nonsensical. The prosecution of a defendant for a drug conspiracy is not rendered unlawful by the fact that a separate

14

statute provides that a court may find a person convicted of an "offense consisting of the distribution of controlled substances" ineligible for federal benefits. 21 U.S.C. §862(a)(1). The Court can find no support for this notion.

Defendant further argues that "under the <u>Blockburger</u> test this Honorable Court should make the determination that 'Conspiracy' is a separate offense than the generic federal offense of 'Distribution'. Moreover, 'Conspiracy to possess cocaine with the intent to Distribute' requires the same exact principles." Doc. #75 at 5-6 (sic). To the extent defendant contends that the offense charged in Count One, conspiracy to possess with intent to distribute, "is a separate offense" from the substantive offenses charged in the other counts, the Court agrees. The Court cannot join Mr. Murtic, however, in making the leap from that fact to the conclusion that "the government is barred from prosecuting 'Conspiracy to Distribute Fentanyl/Heroin and the crime of Conspiracy to possess cocaine with intent to Distribute Non-Federal offenses." <u>Id.</u> at 6 (sic). The government is free to charge a defendant with multiple separate but related offenses, as it has done here.

Notably, the arguments made in this motion contradict and undermine the arguments made in Mr. Murtic's motion asserting that he cannot be prosecuted for these separate offenses because

15

they are in fact "the same offense" for purposes of the Double Jeopardy Clause. Doc. #76 at 1.

Section 846 is not rendered unconstitutional by §862, nor is the government barred from charging Mr. Murtic under both §846 and §841 in this Indictment. The other arguments raised in this motion similarly lack merit. Accordingly, defendant's motion to bar prosecution under §846 as unconstitutional in light of Blockburger v. United States and 21 U.S.C. §862(a)(1)(C) [**Doc. #75**] is **DENIED**.

## VI. Other Arguments

The Court notes that in each of the many motions he filed, Mr. Murtic raises multiple arguments. Some are difficult to follow, and some are raised only in passing. The Court has endeavored to address the arguments that appeared to be most salient, and at the core of Mr. Murtic's claims. The Court has considered all of the arguments raised in the motions, even those not directly addressed in this Order, and has not found any basis on which Mr. Murtic is entitled to relief. The Court has also considered all of the arguments raised in the government's opposition, even if such arguments are not directly cited herein.

## VII. Conclusion

For the reasons set forth above, defendant Denis Murtic's motions: to declare §846 unconstitutional [**Doc. #70**]; to dismiss

16

Count One [**Doc. #71**]; to declare 21 U.S.C. §846 unconstitutional as void for vagueness [**Doc. #74**]; and to bar prosecution under §846 as unconstitutional in light of <u>Blockburger v. United States</u> and 21 U.S.C. §862(a)(1)(C) [**Doc. #75**]; are hereby **DENIED**.

It is so ordered at Bridgeport, Connecticut, this 13th day of June, 2022.

                                                  /s/
                                       HON. SARAH A. L. MERRIAM
                                       UNITED STATES DISTRICT JUDGE