UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------X
                              :
UNITED STATES OF AMERICA      :    Crim. No. 3:21CR00186(SALM)
                              :
v.                            :
                              :
DENIS MURTIC                  :    June 13, 2022
                              :
------------------------------X

## ORDER DENYING MOTION TO DISMISS [DOC. #77]

After a hearing with defendant Denis Murtic ("Murtic"), at which he was assisted by both retained counsel and standby counsel, the Court permitted Mr. Murtic to file certain motions that he drafted without the assistance of counsel. See Doc. #68, Doc. #91. The motion now under consideration is entitled: "DEFENDANT MOTION TO DISMISS HIS FEDERAL INDICTMENT CHARGES OF '21 U.S.C. 841(a)(l) POSSESSION OF 400 GRAMS OR MORE FENTANYL WITH INTENT TO DISTRIBUTE' BASED ON SOLID GROUNDS OF INDICTMENT FAILURE TO PROVIDE DUE PROCESS NOTICE AND FAILURE TO STATE AN OFFENSE IN LIGHT OF UNITED STATES v. ALEYNIKOV 626 F.3D 71 (2nd CIR. 2012); UNITED STATES v. ROSA-ORTIZ, 348 F. 3d 33 (1ST Cir. 2003). PURSUANT TO FED. R. CRIM. P. 12(b)[.]" Doc. #77 at 1 (sic). The government has filed an opposition. See Doc. #96.[1] For the reasons set forth herein, the motion is **DENIED**.

_____

[1] Pursuant to the Court's March 3, 2022, Order, any reply brief drafted by Mr. Murtic was required to be submitted through counsel on or before April 13, 2022. See Doc. #91. On May 19,

I.   **DISCUSSION**

The motion is directed solely to Count Four of the Indictment. Count Four charges Mr. Murtic and his two co-defendants as follows:

> On or about October 26, 2021, in the District of Connecticut, the defendants DENIS MURTIC, ALEXANDER RODRIGUEZ, and EFRAIN ROSARIO did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance.
>
> In violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(A)(vi), and Title 18, United States Code, Section 2.

Doc. #14 at 3. Mr. Murtic appears to raise three arguments in support of dismissal of Count Four. The Court will address each in turn.

**A.   Due Process -- Adequate Notice**

Mr. Murtic first argues that Count Four fails to give "due process notice of an substantive offense[.]" Doc. #77 at 2 (sic) (capitalization altered). The Court disagrees.

> An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The two constitutional requirements for an indictment are that it (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against him which he must defend," and (2) that it "enables [a

_____
2022, the Court issued an Order returning, as deficient, a submission from Mr. Murtic that included "documents that appear to be reply briefs, which are both untimely and improperly filed by Mr. Murtic himself." Doc. #103.

> defendant] to plead an acquittal or conviction in bar
> of future prosecutions for the same offense." United
> States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007)
> (citation and internal quotations marks omitted).

United States v. Faison, 393 F. App'x 754, 757 (2d Cir. 2010).

"The standard for the sufficiency of an indictment is not demanding, and requires little more than that the indictment track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime[.]" United States v. Willis, 14 F.4th 170, 187 n.7 (2d Cir. 2021) (citation and quotation marks omitted), cert. denied sub nom. Pierce v. United States, No. 21-7420, 2022 WL 1205909 (Apr. 25, 2022). The question for the Court is whether the Indictment complies with the "basic due process requirements of notice of the time, place, and essential elements of the crime." Bonilla v. Lee, 35 F. Supp. 3d 551, 579 (S.D.N.Y. 2014) (citation and quotation marks omitted).

Count Four both sets forth the essential elements of the crime and provides notice of the time and place of the charged conduct. Count Four charges all three defendants with possession with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. §841(a)(1), 21 U.S.C. §841(b)(1)(A)(vi), and 18 U.S.C. §2. See Doc. #14 at 3. To sustain a conviction for possession with intent to distribute under 21 U.S.C. §841(a)(1), "the government must show that the defendant: (1) knowingly (2) possessed a controlled substance (3) with a specific intent to

3

distribute it." <u>United States v. Peters</u>, 843 F. App'x 369, 373
(2d Cir. 2021) (citation and quotation marks omitted). 21 U.S.C.
§841(b)(1)(A)(vi) provides the statutory penalty where that
controlled substance is at least 400 grams of mixture or
substance containing a detectable amount of fentanyl. Count Four
sets forth each of these elements, stating that defendant "did
knowingly and intentionally possess with intent to distribute
400 grams or more of a mixture and substance containing a
detectable amount of [fentanyl.]" Doc. #14 at 3. Thus, Count
Four "fairly informs [the] defendant of the charge against him
which he must defend[.]" <u>Resendiz-Ponce</u>, 549 U.S. at 108
(citation and quotation marks omitted).[2]

---

[2] Count Four does not describe the essential elements of an
aiding and abetting offense under 18 U.S.C. §2. However, an
indictment need not track the language of the aiding and
abetting statute; indeed, an indictment need not even <u>mention</u> 18
U.S.C. §2. <u>See</u>, <u>e.g.</u>, <u>United States v. Goldberg</u>, 756 F.2d 949,
957 (2d Cir. 1985) ("[T]he indictment, although it did not
mention 18 U.S.C. §2, the aiding and abetting section,
adequately set forth factual allegations which, if proven, would
allow the jury to find that defendants had conspired to aid and
abet" the offense of conviction.); <u>United States v. Bommarito</u>,
524 F.2d 140, 145 (2d Cir. 1975) ("The absence of a reference in
the indictment to 18 U.S.C. §2 does not bar the conviction on
this count."); <u>United States v. Gonzalez</u>, No. 3:20MJ00347(SALM),
2020 WL 3188482, at *2 (D. Conn. June 15, 2020) ("No express
mention of aiding and abetting need be made in a charging
document because the 'federal aiding and abetting statute, 18
U.S.C. §2, does not penalize conduct apart from the substantive
crime with which it is coupled.'" (quoting <u>United States v.
Mucciante</u>, 21 F.3d 1228, 1234 (2d Cir. 1994)); <u>see also Virella
v. United States</u>, 750 F. Supp. 111, 114-15 (S.D.N.Y. 1990)
(rejecting argument that "count two of [the] indictment is
defective because it fails to either track the language of the

Count Four also adequately sets forth the time and place of the charged offense. Mr. Murtic asserts that Count Four "fails to give fair notice of stating the time, place, and location; of where the alleged **'drug transaction of 400 grams of fentanyl'** had occurred and thus fails to state an offense." Doc. #77 at 4 (emphases in original).[3] However, an indictment need not provide the exact time or place during which the charged conduct occurred. Rather, all that is required is for the indictment to provide such information with sufficient specificity for the defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." Faison, 393 F. App'x at 757 (citation and quotation marks omitted).

Count Four meets that bar. Count Four specifically alleges that the charged conduct occurred on October 26, 2021. See United States v. Rowland, No. 3:14CR00079(JBA), 2014 WL 3341690, at *8 (D. Conn. July 8, 2014) (holding that indictment satisfied due process notice requirement where it included, inter alia, "the specific dates" on which the offense conduct occurred). Moreover, the Indictment informs Mr. Murtic that the possession

---

aiding and abetting statute or charge aiding and abetting as a separate count").

[3] Notably, Count Four does not charge the defendants with conducting a fentanyl transaction. Rather, it charges the defendants with the possession of fentanyl, with the intent to distribute it at some future time.

allegedly occurred in the District of Connecticut. See United States v. Wedd, 993 F.3d 104, 121 (2d Cir. 2021) (holding that Indictment stating that the charged conduct occurred "in the Southern District of New York and elsewhere" adequately identified "the approximate ... place of the alleged crime"). Taken together, such information provides Murtic with sufficient notice of the time and place of the charged conduct for him to "plead an acquittal or conviction in bar of future prosecutions for the same offense." Faison, 393 F. App'x at 757 (citation and quotation marks omitted).

The sworn complaints charging Mr. Murtic's co-defendants provide even more details of the time and place of the charged offense. Specifically, the Affidavit in support of those complaints asserts: "During the early evening on October 26, 2021, DEA investigators executed the arrest warrant for Denis MURTIC and the search warrants for 172 Wakefield Circle and for MURTIC's residence." Doc. #1-1 [Rosario Complaint] at 10. At that time, Mr. Murtic and the co-defendants "were located on the 2nd floor of the" 172 Wakefield Circle apartment, id. at 10, and the investigators uncovered "tens of thousands of glassine bags of suspected Fentanyl that were packaged/prepared for sale[,]" as well as "heat-sealed bags that contained approximately 21,150 wax folds of suspected Fentanyl[.]" Id. at 11. This information, taken together with the allegations set forth in Count Four,

provides Mr. Murtic with sufficient notice of the time and place of the alleged offense.

In sum, Count Four both sets forth the essential elements of the charged offense, and describes the time and place of the charged conduct. Count Four therefore provides defendant with fair notice under the due process clause. Dismissal on this basis is not warranted.

**B.    Aggregation**

Mr. Murtic next contends he "never committed a substantive offense of being in possession of 400 grams or more of fentanyl with the intent [to] distribute in a single drug transaction[.]" Doc. #77 at 4. Therefore, Mr. Murtic asserts, Count Four must be dismissed because "where a defendant violates 21 U.S.C. 841(a) more than once, possessing less than 400 grams or more of fentanyl on each separate occasion, 21 U.S.C. 841(b) does not apply, for there is no single violation involving 400 [grams] or more [of] fentanyl[.]" Id. at 3 (capitalization altered).

The Indictment, on its face, charges Mr. Murtic and his co-defendants with actual or constructive possession of 400 grams or more of fentanyl on a single occasion, that is, on October 26, 2021. See Doc. #14 at 3. The sworn complaints filed against Mr. Murtic's co-defendants confirm that this charge is based on a single seizure of "tens of thousands of glassine bags of suspected Fentanyl[,]" as well as "heat-sealed bags that

7

contained approximately 21,150 wax folds of suspected Fentanyl"
from an apartment associated with Mr. Murtic on October 26,
2021. Doc. #1-1 [Rosario Complaint] at 11. The sworn complaint
further confirms that Mr. Murtic was present at the apartment
during the seizure of the suspected fentanyl, and was arrested
at that location. See id. at 10-11.

"Upon a motion to dismiss in a criminal case, the
allegations in the indictment must be accepted as true." United
States v. Calhelha, 456 F. Supp. 2d 350, 356 (D. Conn. 2006).
The Indictment asserts that Mr. Murtic and his co-defendants
possessed, with intent to distribute, 400 grams or more of
fentanyl on a single occasion. Mr. Murtic's conclusory claims to
the contrary do not support dismissal.

## C.   Failure to State an Offense/Innocence

Finally, Mr. Murtic contends that the "indictment fails to
state a federal offense." Doc. #77 at 4 (emphasis omitted). He
"maintains his Innocence" as to Count Four, "because the record
is void of the charged defendant conducting/committing a
substantive drug transaction of distributing 400 grams or more
to a 'Government Agent' or to a 'Government Informant'." Id. at
5 (sic). Much of Mr. Murtic's argument in this section of the
motion repeats the aggregation claims addressed above. However,
he also argues that he is not accused of "completing a drug

transaction" in this Court, and thus, he contends, Count Four fails to state a valid charge against him. Id.

The charge in Count Four is possession with intent to distribute. Mr. Murtic is not charged in Count Four with actual distribution, but with the possession of fentanyl, with the intent to distribute it at some future time. The offense of possession with intent to distribute does not require "proof of actual distribution" of the controlled substance possessed. United States v. Gore, 154 F.3d 34, 45 (2d Cir. 1998) (citation and quotation marks omitted). Rather, as described above, to sustain a conviction for possession with intent to distribute under 21 U.S.C. §841(a)(1), "the government must show that the defendant: (1) knowingly (2) possessed a controlled substance (3) with a specific intent to distribute it." Peters, 843 F. App'x at 373 (citation and quotation marks omitted). Count Four alleges the essential elements of the charge, and no allegation of actual distribution is required. Accordingly, Mr. Murtic's claim that he did not actually distribute 400 grams or more of fentanyl has no bearing on the validity of the charge in Count Four. Dismissal of Count Four is not warranted on this basis.

## II. CONCLUSION

For the reasons set forth above, defendant Denis Murtic's motion to dismiss Count Four of the Indictment (Doc. #77) is **DENIED**.

It is so ordered at Bridgeport, Connecticut, this 13th day of June, 2022.

/s/
_____
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE